## WOOD *v.* HENLEY.

1. BANKS AND BANKING—TRUSTEES OF SEGREGATED ASSETS—SET-OFF OF CLAIM FOR SERVICES.

In action by trustees of the segregated assets of a bank, who had been appointed by the State banking commissioner, to recover on promissory notes which had been signed by defendant, who had acted as a trustee for nearly four years, defendant was properly allowed to assert a claim of set-off for services rendered as trustee to the extent of the amount claimed due from him although the banking commissioner has never approved his claim nor authorized him to begin an action against the bank (Act No. 32, § 4, Pub. Acts 1933).

2. SET-OFF AND RECOUPMENT—ACTION BY SOVEREIGN STATE.

If a sovereign State goes into court seeking its assistance, it should be obliged to submit to the jurisdiction in respect to a set-off or counterclaim properly assertable as a defense in a similar suit between private litigants not in excess of the claim asserted against the defendant.

3. JURY—VOIR DIRE EXAMINATION.

A litigant is entitled to truthful answers from a prospective juror on his *voir dire* examination.

4. SAME—INDEBTEDNESS OF JUROR TO PARTY.

Mere indebtedness to a party does not disqualify a person to act as a juror.

5. SAME—INDEBTEDNESS OF JUROR TO PARTY—MISTRIAL—DISCRETION OF COURT.

Denial of mistrial to party to whom a juror was indebted, which fact was ascertainable by creditor party but was not discovered or disclosed until two days after jury was impaneled and trial begun, *held,* not an abuse of discretion on the part of the trial court.

6. EVIDENCE—BANKS AND BANKING—ACTION AGAINST FORMER TRUSTEE OF SEGREGATED ASSETS—FINANCIAL STATEMENT—DISCRETION OF COURT.

In action by trustees of segregated assets of a bank against a former trustee, who had served as such for nearly four years,

for amount of two notes which he had signed as maker, exclusion of defendant's offer of settlement to which was attached his personal financial statement which failed to list the claimed indebtedness of the trustees to defendant was not prejudicial error where such claim was based upon an implied contract for services rendered and money expended on behalf of plaintiffs, whether or not it was listed in such financial statement did not prevent defendant from filing his cross action, and the exhibit was of minor importance in determining issues involved.

7. WITNESSES—UNJUSTIFIED ATTACK.
An unjustified attack upon a witness is reversible error.

8. SAME—CROSS-EXAMINATION—DISCRETION OF TRIAL JUDGE.
A broad latitude is permitted in cross-examination of a witness and its extent is left to the sound discretion of the trial judge.

9. TRIAL—CROSS-EXAMINATION OF WITNESSES—DISCRETION OF COURT —RECORD.
In action on promissory notes, brought by trustees of the segregated assets of a bank against maker who had served as such a trustee for nearly four years, examination of record fails to show abuse of discretion on part of trial court in failing to curb cross-examination of a witness asserted to have been conducted in such a way as to create prejudice and bias in the minds of the jurors.

10. WITNESSES—CROSS-EXAMINATION—STATUTES—STATE OFFICER— ADVERSE INTEREST.
In action on promissory notes, brought by trustees of the segregated assets of a bank against maker who had served as such a trustee for nearly four years and filed a claim for set-off and recoupment for services rendered, it was proper to permit defendant to call the chief liquidating officer of the State banking department for cross-examination under the statute, where he was present in court and assisting plaintiffs in the prosecution of their action, as his interest was with the depositors and creditors and was adverse to that of defendant (3 Comp. Laws 1929, § 14220).

Appeal from Presque Isle; Smith (Fred P.), J. Submitted October 23, 1940. (Docket No. 98, Calendar No. 41,321.) Decided March 11, 1941.

Assumpsit by Orville S. Wood and others, trustees of the segregated assets of the Presque Isle County Savings Bank, against Rue B. Henley on promissory notes. Defendant claimed set-off and recoupment for services and expenses as trustee. From verdict and judgment for defendant, and denial of motion for judgment *non obstante veredicto,* plaintiff appeals. Modified.

*Lewis E. Berry,* for plaintiffs.

*Frederick P. Hempel,* for defendant.

SHARPE, C. J. This is an action in assumpsit on certain promissory notes executed by defendant to the Presque Isle County Savings Bank, which notes were subsequently indorsed by the bank to the trustees of the segregated assets of the bank.

February 1, 1939, plaintiffs filed their declaration and claimed recovery on a note dated October 20, 1934, in the sum of $3,550, and one dated October 13, 1934, in the sum of $3,650. Defendant filed his answer and admitted the execution and nonpayment of the notes. Defendant also filed a claim for set-off and recoupment in the amount of approximately $5,000 for services rendered as trustee and expenses alleged to have been incurred in trips to Lansing, Bay City and Detroit in connection with said trust. March 3, 1939, plaintiffs filed a motion to strike defendant's plea of set-off and recoupment. This motion was denied by the trial court. At the same time plaintiffs filed a motion for summary judgment, and this also was denied.

Additional facts necessary to opinion may be summed up as follows: It appears that sometime in the early part of 1934 the above bank became insolvent. On October 6, 1934, a trust agreement was

entered into between the bank and defendant Henley, Charles Dettloff, Jr., and C. R. Carter as trustees who had been appointed by the State banking commissioner to act as trustees and carry out the terms, conditions and purposes of the trust created. That part of the trust agreement of interest to the issue involved in this case reads as follows:

"The trustees are empowered to incur and pay all reasonable and necessary expenses incident to the proper administration and preservation of this trust, including attorney fees and legal services rendered to the trustees, and their own compensation, all which disbursements shall be determined and approved by the commissioner."

It also appears that Clayton R. Carter was designated as managing and liquidating trustee with a yearly salary of $3,600. Trustee Henley acted as such until August 1, 1938, when he resigned, and another was appointed in his place. At the time of the resignation of defendant as trustee he was indebted to the bank in the sum of $12,742.85. On January 9, 1939, an agreement was effected between plaintiffs and defendant whereby the segregated trustees credited defendant with certain collateral and payments upon this indebtedness and provided that the balance of $4,850 was to be paid on or before January 31, 1939. It also appears that defendant did not, until after his resignation as trustee, make any claim for compensation for services; that subsequent to his resignation as trustee defendant demanded $100 a month as compensation for services rendered in addition to reimbursement for certain expenses incurred. When the cause came on for trial it was stipulated that the amount of defendant's indebtedness, including interest, to the trustees of the bank was $5,214. Evidence was submitted on behalf of the defendant that he performed services as a trustee in behalf of the bank for a period of 46

months; that the services rendered had a value of $100 per month; and that in addition he expended $475 for the benefit of the trust fund. The jury returned a verdict favorable to the defendant.

Plaintiffs appeal and contend that it was error to permit a jury to speculate as to the value of defendant's services to the bank as there was no contract either express or implied for payment of such services; and that the right to file a cross action requires the permission of the banking commissioner and the approval of the governor as though a direct action was brought for the recovery of the same, irrespective of defendant's indebtedness to the trust.

In our discussion of the principles of law involved in this cause, we have in mind that the record does not contain any evidence of an express contract on the part of the trustees to pay defendant for any services that he has performed; that during the time defendant acted as trustee he made no claim for compensation; that the banking commission has never approved of his claim nor authorized him to begin an action against the bank in accordance with Act No. 32, § 4, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 12077–4, Stat. Ann. § 23.94) *; and that a jury found as a fact that the services rendered by defendant to the bank were of value to the bank.

We are not in accord with the theory of plaintiff that defendant may not, under any circumstances, assert a claim for set-off in an action against him.

In *United States* v. *National City Bank of New York* (C. C. A.), 83 Fed. (2d) 236 (106 A. L. R. 1235) (certiorari denied, 299 U. S. 563 [57 Sup. Ct. 25, 81 L. Ed. 414]), the State of Russia sued for an amount on deposit in a bank. The bank claimed set-off. The court held that the bank was entitled to set off against the Russian government's claim "an equal amount of the sum owing by the claimant to the ap-

---

* Expired, except as to then pending liquidation or reorganization proceedings, on June 1, 1935. Section 19 of the Act (Comp. Laws Supp. 1940, § 12077-19, Stat. Ann. § 23.111).—REPORTER.

pellee [bank] on account of its ownership of the Russian government's treasury notes." * The court said (p. 238):

"If a sovereign State goes into court seeking its assistance, it is in accord with the best principles of modern law that it should be obliged to submit to the jurisdiction in respect to a set-off or counter-claim properly assertable as a defense in a similar suit between private litigants. *The Gloria,* 286 Fed. 188. * * *

"It is now established that, where a sovereign comes into court, he is unarmed with immunity as against the rights of a defendant who has a proper set-off to his claim."

In *United States* v. *Shaw* (syllabus), 309 U. S. 495 (60 Sup. Ct. 659, 84 L. Ed. 888), the court held:

"The United States, by filing a claim against an estate in a State probate proceeding, does not subject itself to a binding, though not enforcible, ascertainment and allowance of a cross-claim against itself, in excess of set-off."

In *Solomon* v. *Weiner,* 188 Mich. 114, the trial court held that defendant could recover nothing by way of set-off beyond what was necessary to wipe out the plaintiff's claim. This Court said:

"While this Court has denied to those making contracts in violation of this act [Act No. 101, Pub. Acts 1907] † the right to have them enforced in the courts (*Cashin* v. *Pliter,* 168 Mich. 386 [Ann. Cas. 1913 C, 697]), we do not think the denial should go to the length of holding that, when such persons are sued, they may not show that they are not indebted as claimed. * * * It follows that the limitation

---

* The United States became substituted appellant by assignment under an international agreement of November 16, 1933.—REPORTER.

† As amended, Comp. Laws Supp. 1940, § 9825 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 19.821 *et seq.* (assumed name act).—REPORTER.

fixed by the trial court upon the defendant's right to make his defense was proper.''

While the claim filed by defendant in the nature of a set-off had not been approved by the banking commissioner, yet it was a proper item to be considered by a jury as a set-off to plaintiff's claim, but not in excess thereof.

Plaintiffs contend that the trial court erred in failing to grant a mistrial when it was ascertained that a juror, on his *voir dire* examination, answered falsely as to his indebtedness to the plaintiffs. It appears that two days after the trial had begun plaintiffs moved for a mistrial. The motion was denied. It appears that plaintiffs had every opportunity to know that the juror in question was their debtor, but did not discover or disclose this fact until two days after the jury had been impaneled and the trial begun. We are in accord with the action of the trial court in refusing to grant a mistrial.

It is true that a litigant is entitled to truthful answers from a prospective juror on his *voir dire* examination, *In re Petition of City of Detroit to Condemn Lands for Sewage Disposal Plant,* 280 Mich. 708, but mere indebtedness to a party does not disqualify a person to act as a juror, *Thompson* v. *Douglass,* 35 W. Va. 337 (13 S. E. 1015).

In *Browning* v. *Bank of Vernal,* 60 Utah, 197, 200, (207 Pac. 462), the court said:

''To permit appellant now to insist upon the disqualification of the juror as grounds for new trial, when the fact of such disqualification was known to the officers of the appellant at the time of the trial, would be to permit litigants to trifle with the court.''

There was no abuse of discretion upon the part of the trial court in failing to grant a mistrial under the circumstances in this case.

Plaintiffs also urge that it was error to exclude defendant's offer of settlement to which was attached his personal financial statement. The financial statement failed to list the claimed indebtedness of the trustees to defendant. In our opinion there was no prejudicial error in the refusal to admit this exhibit. The set-off as claimed by defendant was based upon an implied contract for services rendered and money expended on behalf of plaintiffs. The fact that such a claim was not listed did not prevent defendant from filing his cross action and was of minor importance in determining the issues involved in this case. The admission or nonadmission of this evidence was in the sound discretion of the trial court.

It is also urged that the cross-examination of one of the witnesses was such as to create prejudice and bias in the minds of the jurors. We recognize that an unjustified attack upon a witness is reversible error; however, broad latitude is permitted on cross-examination and its extent is left to the sound discretion of the trial judge. *Marsh* v. *Burnham,* 211 Mich. 675; *People* v. *Marcus,* 253 Mich. 410. In our examination of the record we are unable to say that there was an abuse of discretion by the trial court.

In the trial of the cause, defendant called Ralph A. Carroll, chief liquidating officer of the State banking department, for cross-examination under 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915), which reads:

"Hereafter in any suit or proceeding in any court of law or equity in this State, either party, if he shall call as a witness in his behalf, the opposite party, employee or agent of said opposite party, or any person who at the time of the happening of the

transaction out of which such suit or proceeding grew, was an employee or agent of the opposite party, shall have the right to cross-examine such witness the same as if he were called by the opposite party; and the answers of such witness shall not interfere with the right of such party to introduce evidence upon any issue involved in such suit or proceeding, and the party so calling and examining such witness shall not be bound to accept such answers as true."

Plaintiffs contend that Carroll does not fall within any of the above statutory classifications. Mr. Carroll was acting in a supervisory capacity for the trust and, in so doing, he represented the banking commissioner for the State of Michigan. He was in court during the trial and aided plaintiffs in prosecution of their action. His interest was with the depositors and creditors and was adverse to that of the defendant. He falls within the purpose of the statute and there was no error in allowing him to be called for cross-examination.

Defendant having filed a conditional remittitur, the judgment of the trial court is modified and a judgment will be entered therein in favor of defendant of no cause of action. Defendant may recover costs.

BUSHNELL, BOYLES, CHANDLER, NORTH, McALLIS-TER, WIEST, and BUTZEL, JJ., concurred.