REPUBLIC OF CHINA v. PANG–TSU MOW et al.

Civ. A. No. 4741–51.

United States District Court
District of Columbia.
April 19, 1952.

412

See also, 12 F.R.D. 359.

William E. Leahy and William J. Hughes, Jr., Washington, D. C., Robert P. Patterson, New York City, for plaintiff.

William A. Roberts and Warren Woods, Washington, D. C., for defendants.

MORRIS, District Judge.

The defendants, in their answer, assert two counter-claims, one for libel, alleged to have been committed by the plaintiff with respect to the defendants, and the other for monies in the sum of $614,320.50, which monies are alleged to have been held by the defendant Mow for certain persons other than the plaintiff, but which sums of money it is alleged were obtained improperly by the plaintiff, and for which the defendants say they are entitled to an accounting from the plaintiff. The plaintiff, by motion, seeks to have these counter-claims dismissed on the ground that the plaintiff is a sovereign state, and that it is immune from suit by way of counter-claim for libel and counter-claim for unlawful conversion. A hearing was had upon said motion, and memorandum briefs have been filed by counsel for all parties at the request of the Court.

Subsequent to the filing of the counter-claims and the motions to dismiss the same, the Court, upon motion of the plaintiff, and as a sanction for the wilful failure of the defendant Pang-Tsu Mow to appear for the taking of depositions, as ordered by the Court, has stricken all pleadings of the said defendant Mow. Therefore, the orders on the instant motions are with respect to said counter-claims only as they are pleadings of the defendant Ve-Shuen Hsiang.

A sovereign state entering the courts of a friendly foreign nation subjects itself to counter-claim with respect to matters arising out of the same transaction as that upon which the original suit brought by it is based, to the extent that it affords recoupment against said sovereign state, but not beyond the point where affirmative relief is to be granted. In this view, I conclude that the counter-claim for libel should be dismissed, as I do not consider it to be a claim arising out of the same transaction as that upon which the suit brought by the Republic of China is based, although the alleged libel may have had reference or some relation to the claims asserted by the plaintiff.

As to the counter-claim for conversion, the pleadings are not sufficiently clear to enable the Court, in this posture of the case, to determine whether or not such counter-claim does arise out of the same transaction upon which the claims of the Republic of China are based. In argument and in affidavit there was statement made that the monies referred to in the counter-claim were part of the monies of the plaintiff, held by the defendants, which have been accounted for, and have been credited by the Republic of China to the

defendants, and are not sought to be recovered in the instant case. As this is a motion to dismiss rather than a motion for summary judgment, I can look no further than the pleadings, and I am of the view that appropriate showing in the pleadings should be made with respect to the counter-claims, and, if any genuine issue of fact develops, such should be determined by the Court. The motion to dismiss said counter-claim for conversion is denied.

Counsel will prepare an appropriate order carrying these decisions into effect.