Owen McGivern, J.
This is a proceeding under article 78 of the Civil Practice Law and Rules seeking an order staying proceedings against petitioner in the Criminal Court of the City of New York.
On the 8th day of July, 1963, the President of the United States issued a certificate, known as an “ exequatur ”, recognizing petitioner as Consul General of the Dominican Republic at New York.
A telegram from the Assistant Legal Advisor of the Department of State to an Assistant Attorney-General of the State of New York, dated the 31st day of October, 1963, states that petitioner’s exequatur has not been resolved, although it recognized that the government of the Dominican Republic which appointed petitioner no longer exists. The telegram further states that the United States has not recognized any successor government and that in such circumstances, consular personnel “ may perform normal consular functions.”
*430 It is provided by section 1351 of title 28 of the United States Code that “ The district courts shall have original jurisdiction, exclusive of the courts of the States, of all actions and proceedings against consuls or vice consuls of foreign states.” This statute is valid and binding on all the courts of this State. (Valarino v. Thompson, 7 N. Y. 576, 579 [1852].)
The determination of petitioner’s continued status as consul by the Department of State is conclusive on the courts. (Matter of Baiz, 135 U. S. 403, 432; Matter of United States of Mexico v. Schmuck, 294 N. Y. 265, 272; Maron v. Lippert, 177 Misc. 139, 140-141; United States v. Coplon, 84 F. Supp. 472, 475.) No party to this proceeding has challenged the authenticity of the telegram from the Department of State, a copy of which is annexed to the answering affidavit submitted by the Attorney-General. (See De Miglio v. Paez, 18 Misc 2d 914.)
It necessarily follows that the Criminal Court of the City of New York must be held to lack jurisdiction over petitioner.
The Attorney-General, appearing for the judicial respondent, concedes the binding nature of the determination of the State Department, but argues that its position is “fantastically illogical,” since the department recognizes that the government which appointed petitioner is no longer in existence. As shown by the cited cases, it is not the function of this court to pass on whether the position taken by the State Department is logical or illogical.
Thus, in Matter of Biaz (supra, p. 432) Chief Justice Fuller said: “we do not assume to sit in judgment upon the decision of the executive in reference to the public character of a person claiming to be a foreign minister, and therefore have the right to accept the certificate of the State Department that a party is or is not a privileged person, and cannot properly be asked to proceed upon argumentative or collateral proof ”,
And in Matter of United States of Mexico v. Schmuck (supra, p. 272) Chief Judge Lehman said: “ Judicial inquiry may be precluded of claims of immunity previously determined by a competent political branch of the Government upon the request of a foreign sovereign State. In such cases, as the courts have frequently pointed out, the courts ‘ follow the action of the political branch, and will not embarrass the latter by assuming an antagonistic jurisdiction.’ (United States v. Lee, 106 U. S. 196, 209.) Then judges who assume a jurisdiction which may embarrass the Department of State in the conduct of foreign relations may be commanded to relinquish jurisdiction upon the request or suggestion of the political branch of the Government.”
*431 Most clearly in point is Maron v. Liffert (supra, p. 140) where Mr. Justice Walter said that “ It is not so easy to see the logic ” of the State Department’s position but nevertheless felt obliged to follow it (p. 141).
The Attorney-G-eneral does not challenge the propriety of the remedy sought herein, but such an objection is made by the other respondent. The basis for the objection is that section 7801 of the Civil Practice Law and Rules prohibits a proceeding under article 78 to challenge a determination: “1. which is not final or can be adequately reviewed by appeal to a court * * * or 2. which was made in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court.” The answer to this objection is that this proceeding is not brought to review a “determination”, but is concerned with ‘1 whether the body or officer * * * is about to proceed without # * * jurisdiction” (CPLR 7803, subd. 2). The instant proceeding is brought to obtain relief formerly obtained by prohibition (CPLR 7801). It is properly invoked in the instant situation. (United States of Mexico v. Schmuck, supra.)
A judgment will be granted permanently restraining respondents from taking any steps in the proceedings against petitioner now pending in the Criminal Court of the City of New York. Such judgment will not preclude new proceedings if and when petitioner’s exequatur is no longer recognized as effective by the State Department.