CLEMMONS *v.* SUPER FOOD SERVICES, INC.

1. APPEAL AND ERROR—PROPER JURY—QUESTION OF FACT.
    Ruling of circuit court on appeal from common pleas court that a misstatement of a juror on *voir dire* had created an improperly constituted jury *held*, a matter of fact, within the sound discretion of the reviewing court.

2. SAME—HEARING ON APPEAL—EXAMINATION OF COMMON PLEAS COURT JUROR.
    The circuit court on appeal from common pleas court possesses the power to summon a juror and take his testimony as to a misstatement during the *voir dire* examination (GCR 1963, 705.18[g]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 628, 631, 888, 889.
[2] 5 Am Jur 2d, Appeal and Error § 889.
[3] 5 Am Jur 2d, Appeal and Error §§ 888, 889.
[4] 31 Am Jur, Jury § 212.
[5] 31 Am Jur, Jury §§ 136, 142, 143.
[6] 39 Am Jur, New Trial §§ 45, 73, 74.
    5 Am Jur 2d, Appeal and Error §§ 547, 548.
[7, 8] 31 Am Jur, Jury §§ 138, 139.

3. Same—Appeal from Common Pleas Court—Jury.

Finding of circuit court that the jury in a common pleas action for damages resulting from an automobile collision was not altogether impartial, where one of the jurors concealed information that he had been in a similar accident, *held*, supported by the record.

4. Jury—Preconceived Opinion.

A juror, as far as is practicable, should be free from preconceived opinions which might affect his judgment of a case before him.

5. Same—Voir Dire Examination.

A litigant is entitled to truthful answers from a prospective juror on his *voir dire* examination.

6. Appeal and Error—New Trial—Discretion of Court—Voir Dire Examination.

The exercise of discretion by the circuit court in case on appeal from common pleas court in remanding for a new trial *held*, proper, where the defendant did not receive truthful answers from a prospective juror on his *voir dire* examination, and it appeared that a juror was not free from preconceived opinions which might affect his judgment of the case.

7. Trial—Voir Dire Examination—Jury.

Holding of trial court that trial counsel was not required to examine personal history questionnaires of jurors and was not charged with constructive knowledge of their contents *held*, sustained, as the pertinent court rule does not require it, and failure to examine does not constitute lack of diligence (GCR 1963, 510).

8. Same—Voir Dire Examination—Jury Selection—Diligence of Counsel.

Diligence of trial counsel in the selection of a jury need extend no further than a careful inquiry of a prospective juror under oath, and counsel was not required to check the multitudinous questionnaires against the jurors he might draw (GCR 1963, 510).

Appeal from Wayne; Piggins (Edward A.), J. Submitted Division 1 February 9, 1966, at Detroit. (Docket No. 1,042.) Decided May 24, 1966.

Declaration, in common pleas court for the city of Detroit, by Henry Clemmons against Super Food

Services, Inc., for injuries arising out of a two-truck collision on January 30, 1962. Verdict and judgment for plaintiff. Defendant appealed to Wayne circuit court. Reversed. Plaintiff appeals. Affirmed.

*Sanford N. Lakin,* for plaintiff.

*Davidson, Gotschall, Kelly, Halsey & Kohl (Terrance M. Lynch,* of counsel), for defendant.

FITZGERALD, J.   Plaintiff was a passenger in a vehicle hit from the rear by a truck owned by defendant. Suit was brought in common pleas court for the city of Detroit, and in May, 1964, the jury returned a verdict of $3,000 for plaintiff.

Defendant took a general appeal to circuit court. During the course of preparation for that appeal, defendant learned, through a Cleveland Index Bureau investigation of jurors' backgrounds, that one of the jurors, Joseph Michno, had made answers during the *voir dire* examination relative to his prior accident record inconsistent with answers on the juror's personal history questionnaire.

On motion of defendant, testimony was taken in circuit court from juror Michno relative to the variance between statements in his Wayne county jury commission personal history questionnaire and his answers on *voir dire.*

It appears from the transcript of the *voir dire* proceedings in common pleas court that he was asked if he had ever been involved "in any accidents of any sort." His answer was "no sir."

His answer on the juror personal history questionnaire which he had filled out was as follows:

"36. Have you ever been in an accident?   (Explain): *Yes, other driver ran red light. Struck me broadside.*

"37. Were you injured? *Yes.*"

It developed that the accident which juror Michno referred to in his questionnaire had happened some 5 years prior to his *voir dire* examination, that the accident was of a type similar to the one involved in the instant case, that the personal injuries were similar, and that his claim had been settled for $3,-000, the identical sum awarded to plaintiff in this suit by the 6-man jury of which Michno was a member.

In testimony in circuit court, juror Michno admitted the inconsistency in his questionnaire and answers on *voir dire* and sought to excuse the variance by stating that he did not believe that the question applied to his own previous experience and, further, that any concealment was unintentional. He further testified that he had in no way influenced the jury of which he was a member.

The circuit court, in deciding the appeal, held that the jury was an improperly established tribunal because of Michno's inconsistent statements and that defendant did not receive a fair and impartial trial by jury. The cause was remanded to common pleas court for a new trial.

Appeal from the circuit court decision was brought in this Court asking whether a juror's false statement on *voir dire* necessarily makes the jury in which he sits an improperly constituted tribunal. As a corollary, appellant suggests that, at most, the cause should have been remanded to the trial court to allow the judge in that forum to decide whether defendant had been deprived of a proper jury. Plaintiff argues that the circuit court ruled as a matter of law that the misstatement of the juror created an improperly constituted jury.

A thorough review of the proceedings on appeal in circuit court convinces us that the decision of the court was not made. as a matter of law, but rather

as a matter of fact, being a discretionary decision on the part of the reviewing court.

That the circuit court possesses the power to summon the juror in question and take his testimony to determine if, in fact, he was the juror who had made a misstatement is not disputed.  The applicable rule, GCR 1963, 705.18(1)(g), permitted the circuit court, in appeals from common pleas court, to "give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief whether mentioned in the notice of appeal or not, as the case may require."   Such a broad grant of discretion on appellate review (indeed, more than this Court frequently chooses to allow itself) appears to us to provide ample leeway for the action taken by the circuit court.

The finding by the circuit court that the jury was not altogether impartial was not without factual basis.   More specifically, the circuit court established that juror Michno :

a. Had been involved in an accident similar to that found in the instant case ;

b. Had received injuries therefrom similar to those of plaintiff in the instant case ;

c. Had settled his claim for an amount identical to that awarded by the jury to the plaintiff in the instant case ;

d. Had denied having ever been involved in any accident of any sort when questioned on *voir dire* examination.

*Crippen* v. *People* (1860), 8 Mich 117, held at an early date in this State's jurisprudence that a juror, as far as is practicable, should be free from preconceived opinions which might affect his judgment of the case before him.   The case of *Wood* v. *Henley* (1941), 296 Mich 491, stands for the proposition that

a litigant is entitled to truthful answers from a prospective juror on his *voir dire* examination. These basic rights were not enjoyed by the defendant in this case and the exercise of discretion by the circuit court in remanding for a new trial was proper.

Appellant further contends that the circuit court was incorrect in holding that trial counsel are not required to examine jury questionnaires and are not charged with constructive knowledge of the contents thereof. GCR 1963, 510, prescribes the form of the questionnaire in use and also authorizes attorneys and parties to actions in which the juror is nominated to serve to examine the questionnaires and afford a reasonable time for such examination before being called upon to challenge for cause. The court rule contains no mandate, however, that this be done, and we concur with the circuit court that failure to do so does not, *per se,* constitute a lack of diligence. Any attorney who would take the time and trouble to check the multitudinous jury questionnaires against the jurors he might draw certainly deserves an "A" for effort, but we decline to cast a burden upon him to do so. Diligence in this matter need extend no further than a careful inquiry of a prospective juror under oath.

The judgment setting aside the judgment of the trial court and remanding the cause for a new trial is affirmed. Costs to appellee.

J. H. Gillis, P. J., and Watts, J., concurred.