## KITA v. MATUSZAK

1. COURTS—FEDERAL—JURISDICTION—FOREIGN CONSULS—STATUTES.
   Federal district courts have original and exclusive jurisdiction of all actions and proceedings against foreign consuls or vice-consuls (28 USC § 1351).

2. COURTS—FEDERAL—JURISDICTION—FOREIGN   GOVERNMENTS—ACTION—COUNTERCLAIM—SOVEREIGN IMMUNITY—WAIVER.
   Jurisdiction of Federal courts to sustain counterclaims against a foreign government exists when that foreign government institutes a court action, since by bringing such action that foreign government has automatically relinquished its sovereign immunity and is amenable to counterclaims, at least to the extent of any set-off.

3. AMBASSADORS AND CONSULS—INTERNATIONAL LAW—DEATH OF NATIONALS—PROPERTY INTERESTS—PROTECTION.
   International law and treaty stipulations recognize that upon the death of one of his nationals in a foreign country it is proper for a consul to care for the property left by that national and to see that it reaches the proper parties.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4–6, 10]  4 Am Jur 2d, Ambassadors and Consuls §§ 3, 16.
[2]  4 Am Jur 2d, Ambassadors and Consuls §§ 3, 10, 16.
[3]  4 Am Jur 2d, Ambassadors and Consuls §§ 17–22.
[7]  4 Am Jur 2d, Ambassadors and Consuls § 4.
[8]  20 Am Jur 2d, Courts §§ 88, 90.
[9]  20 Am Jur 2d, Courts § 139.

4. AMBASSADORS AND CONSULS—COURTS—STATE COURTS—JURISDIC-
TION—ACTION—COUNTERCLAIM.

A state court could not assert jurisdiction of a counterclaim
against plaintiff consul where plaintiff was acting in his offi-
cial capacity as a foreign consul in instituting his original
action (28 USC § 1351).

5. AMBASSADORS AND CONSULS—COURTS—FEDERAL COURTS—EXCLU-
SIVE JURISDICTION—STATUTES.

A state court can in no case claim jurisdiction of civil actions.
against foreign consuls, with the exception of actions for di-
vorce and alimony, where a federal statute vests exclusive ju-
risdiction in Federal district courts regarding all cases affect-
ing foreign consuls or vice-consuls (28 USC § 1351).

6. AMBASSADORS AND CONSULS—COURTS—FEDERAL—STATE—JURIS-
DICTION—STATUTES—PURPOSE.

The purpose of a Federal statute excluding state courts from any
jurisdiction over foreign consuls or vice-consuls is to keep
within the control of the Federal government, and subject to
the authority of its courts, all cases and controversies which
might in any degree affect this country's foreign relations;
consequently, the exemption of a foreign consul from liability
to be used in a state court is not the privilege of that consul, or
of his sovereign, but of the United States government and there-
fore a foreign consul cannot renounce this exemption (28 USC
§ 1351).

7. AMBASSADORS AND CONSULS—IMMUNITY—PREFERENTIAL STATUS—
EXISTENCE—WAIVER.

An immunity or preferential status of a foreign consul which
does not exist cannot be waived.

8. COURTS—JURISDICTION—SUBJECT MATTER.

Jurisdiction of the subject matter of a judicial proceeding is an
absolute requirement and it either exists or does not exist.

9. COURTS—JURISDICTION—SUBJECT MATTER—STATUTORY JURISDIC-
TION—WAIVER—CONSENT.

Statutory jurisdiction and jurisdiction of the subject matter
cannot be conferred by consent, conduct or waiver.

10. AMBASSADORS AND CONSULS—FEDERAL COURTS—JURISDICTION—
COUNTERCLAIM.

The exclusive jurisdiction of the Federal courts in all cases af-
fecting foreign consuls and vice-consuls is applicable to a situ·

ation in which an action is asserted against a consul by a counterclaim as well as where it is asserted in an independent action (28 USC § 1351).

Appeal from Wayne, George T. Martin, J. Submitted Division 1 May 13, 1969, at Detroit. (Docket No. 5,789.) Decided February 4, 1970. Leave to appeal denied July 21, 1970. 383 Mich 806.

Complaint by Adolf Kita, Consul General of Poland and attorney-in-fact for certain Polish nationals, and Richard J. Michael, co-administrator of the estate of John Matuszak, deceased, against Michael Matuszak for the probating of a false will. Counterclaim against Adolf Kita, Richard J. Michael, and Jacob L. Sobieraj for libel. Motion by plaintiff Kita to strike the counterclaim for lack of jurisdiction over a foreign consul. Motion denied. Plaintiff appeals. Reversed and remanded.

*Sobieraj & Michael,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

FITZGERALD, P. J. Adolf Kita, Consul General of Poland and attorney-in-fact for certain Polish nationals, instituted suit in the Wayne County circuit court together with Richard J. Michael, co-administrator of the estate of John Matuszak, deceased, against Michael Matuszak, alleging that he had caused to be probated by fraud and deceit a false will of his sister, Lucya Remszel, wherein Matuszak was named as the sole legatee. An answer was filed denying the alleged fraud and pleading affirmative

defenses of *res judicata* of the probate court proceedings, laches, lack of capacity, estoppel and failure to assert a cause of action. Matuszak also counterclaimed against Adolf Kita, Jacob L. Sobieraj and Richard J. Michael, for libel based on the fact that these parties had charged him with criminal acts without foundation.

Plaintiff Kita moved to strike the counterclaim on the ground that the circuit court lacked jurisdiction over a foreign consul by virtue of 28 USC 1351. This motion as well as a motion for a rehearing were subsequently denied. The court ruled that plaintiff Kita, by initiating this action in the Wayne County circuit court, voluntarily subjected himself to its jurisdiction. It was further held that the counterclaim filed against the consul general by defendant was proper despite the specific provisions of 28 USC 1351. The plaintiff made application for leave to appeal which was granted.

The question with which we are concerned on this appeal is whether a circuit court of the State of Michigan, in a civil action, has jurisdiction over a duly qualified foreign consul who has been made a cross-defendant as a result of a counterclaim filed by the defendant and cross-plaintiff.

We must determine whether the Federal statute in question is applicable and controlling in a case where an action against a foreign consul is instituted by counterclaim in a state court, arising from an independent action filed by that foreign consul himself in the course of his recognized duties.

The trial court stated that this is a case of first impression in the State of Michigan and admitted a lack of jurisdiction in those cases in which a party chooses to institute action against a foreign consul within our state courts. However, the court chose to distinguish the former situation from the facts in

the case at bar where the action was initiated by counterclaim against foreign consul Kita, in a case started by the consul himself. The court thus held the counterclaim proper and found a voluntary submission to its jurisdiction, despite the wording of 28 USC 1351, which states:

"The [Federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of all actions and proceedings against consuls or vice-consuls of foreign states."

To support its holding, the court analogized cases in which foreign governments, sovereign states, and immune officials of foreign nations have become amenable to counterclaim by instituting suits.

The cases of *United States* v. *National City Bank of New York* (CA 2, 1936), 83 F2d 236; *National City Bank of New York* v. *Republic of China* (1955), 348 US 356 (75 S Ct 423, 99 L Ed 389), *rehearing denied,* 349 US 913, (75 S Ct 598, 99 L Ed 1247); *Republic of China* v. *Pang-Tsu Mou* (D DC, 1952), 105 F Supp 411; *Republic of China* v. *American Express Co., Inc.* (CA 2, 1952), 195 F2d 230; and *Hungarian People's Republic* v. *Cecil Associates, Inc.* (SD NY, 1953), 118 F Supp 954, which served as the basis for the trial court's ruling, are not on point and cannot be considered as authority for obtaining personal jurisdiction over a foreign consul by the courts of our State.

These cases decided and held that jurisdiction to sustain counterclaims exists where actions are instituted by foreign governments, since the doctrine of sovereign immunity had been waived. This conclusion is based on the fact that when a foreign government brings an action, it automatically relinquishes its immunity and is amenable to counterclaims, at least to the extent of any set-off.

The cases of *United States* v. *Shaw* (1940), 309 US
495 (60 S Ct 659, 84 L Ed 888), and *Wood* v. *Henley*
(1941), 296 Mich 491, cited by defendant and relied
upon by the trial court are again not applicable to
the particular problem since they are concerned
with a sovereign state relinquishing all immunity by
bringing action in a particular jurisdiction. These
cases relied upon by defendant as well as the trial
court seek to relate or analogize between waiver of
diplomatic or sovereign immunity and the case at
bar in which a foreign consul instituted an action
within the courts of Michigan. In all of the cases
cited, there was no such impediment as 28 USC 1351
which provides for exclusive Federal jurisdiction of
all actions against foreign consuls.

It is recognized as the practice under the law of
nations, and also treaty stipulations for consuls, that,
upon the demise of one of their nationals, it is proper
to care for the property left by him and to see to it
that it reaches the proper parties. Consuls may take
appropriate measures for the protection of the prop-
erty interests of the citizens of the country which
they represent. See *In re Herman's Estate* (1924),
159 Minn 274 (198 NW 1001); 4 Am Jur 2d, Ambas-
sadors and Consuls, § 19, p 101. It is clear from the
facts of the case at bar that Consul Kita was acting
in his official capacity in instituting the original ac-
tion in the Wayne County circuit court and therefore
that court cannot assert jurisdiction as to the
counterclaim.

To further distinguish the cases relied upon from
the case at bar, we must recognize the fact that for-
eign consuls do not share the privileged immunity
of foreign nations, sovereign states and ambassadors
or other public ministers. The case of *Arcaya* v.
*Paez* (SD NY, 1956), 145 F Supp 464, *affirmed* (CA
2, 1957), 244 F2d 958, distinguishes the immunities

of ambassadors and consuls and explains that ambassadors remain absolutely immune while "a consul is not immune from suit except when the action is based upon acts which he has committed within the scope of his duties." (The question raised by the aforementioned quotation is properly left for determination by the Federal court.)

Such foreign representatives are therefore subject to the laws and regulations of the country to which they are accredited. 4 Am Jur 2d, Ambassadors and Consuls, § 15, p 98. When these representatives have violated the laws of our country or the rights of our citizens, they are subject to civil action within our courts and in turn may use our courts for the same ends and purposes.

It is the holding of this Court that 28 USC 1351 grants exclusive jurisdiction to the Federal courts in all cases affecting foreign consuls and vice-consuls and a state court can in no case claim jurisdiction of civil actions against foreign consuls, with the exception of actions for divorce and alimony. See 4 Am Jur 2d, Ambassadors and Consuls, § 16, p 99. The case of *Valarino* v. *Thompson* (1853), 7 NY 576, directly upholds and defines the exclusive Federal jurisdiction over foreign consuls:

"The defendant, therefore, is exempted as a consul from liability to be sued in the state courts. It [the statute] prescribes the tribunal in which a consul in this country is to be called on to answer, and excludes the state courts from jurisdiction. The object of this exclusion was to keep within the control of the Federal government, and subject to the authority of its courts, all cases and controversies which might in any degree affect our foreign relations. The United States government has an interest in maintaining this exclusive jurisdiction, for the purpose of preventing it from being involved in con-

troversies with foreign powers without its consent, and for acts not its own. * * * The exemption of a consul from liability to be sued in a state court, if it can be called a privilege, *is not the privilege of the consul, or of his sovereign, but of the United States government; and therefore it cannot be renounced by the consul.*" (Emphasis supplied.)

See, also, *Davis* v. *Packard* (1833), 32 US (7 Pet) 276 (8 L Ed 684); *Espinal* v. *Bayer* (1963), 41 Misc 2d 429 (246 NYS2d 107); and *Börs* v. *Preston* (1884), 111 US 252 (4 S Ct 407, 28 L Ed 419).

The defendant, as well as the trial court, seeks to support his position as being based on a waiver of immunity or preferential status and a submission to the jurisdiction by Consul Kita. Such a view receives little support in logical analysis and case law, since the authorities relied upon dealt exclusively with foreign nations, sovereign states and immune governmental representatives who actually did possess a "preferential status".

However, in the case currently being considered on appeal, no such immunity existed and hence it could not be waived by the foreign consul in question. The statutes of the United States have granted exclusive jurisdiction to our Federal courts to hear actions against consuls and vice-consuls. There is no authority which supports the contention that Consul General Kita made himself amenable to the jurisdiction of the circuit court by institution of the original action there and thus subjected himself to defendant's counterclaim. Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement and obviously it either exists or does not exist. Such jurisdiction cannot be conferred by consent, by conduct or by waiver, nor may statutory jurisdiction be conferred by consent. 1 Callaghan's Michigan Pleading & Practice, § 2.14, p 52.

We therefore hold that the Wayne County circuit court erred in its ruling that Consul General Kita voluntarily subjected himself to its jurisdiction and made himself amenable to the counterclaim of defendant. The analogies utilized by the trial court and defendant are neither supported by logical practice nor are they substantiated by the weight of authorities. The Federal statute conferring exclusive jurisdiction on the Federal district courts is applicable to a situation in which the action is asserted by counterclaim as well as where it is asserted in independent action. The fact remains that the jurisdiction conferred by 28 USC 1351 is exclusive of the courts of our sovereign states and so the great weight of authority as stated in *Davis* v. *Packard, supra,* is that "the act of Congress is general, extending to all suits against consuls  *   *   *  ."

The motion to dismiss the counterclaim was improperly denied by the circuit court.

Reversed and remanded. No costs, interpretation of a statute being involved.

All concurred.