RICE *v.* WINKELMAN BROTHERS APPAREL, INC.

1. LIBEL AND SLANDER—DEFAMATION—MALICE—DEFINITION.
   Malice may be defined for purposes of the law of defamation as acting in bad faith and with knowledge of the falsity of the statements.

2. PRIVACY, RIGHT OF—ACTION—ELEMENTS.
   To be actionable an invasion of privacy must be an unreasonable and serious interference with the right to seclusion.

3. MALICIOUS PROSECUTION—ACTION—ELEMENTS.
   An action for malicious prosecution must have at its heart the malicious, willful disregard of rights or intentionally injurious conduct of the defendant particularly in attempting to subvert the processes of law.

4. JURY—DISQUALIFICATION OF JUROR—ACQUAINTANCE WITH WITNESS.
   Mere acquaintance with 1 of the party's witnesses is not in itself grounds for challenging the seating of a juror but that juror may be challenged, if at all, as "biased for or against a party or attorney" (GCR 1963, 511.4, 511.4[3]).

5. SAME—DISQUALIFICATION OF JUROR—PROCEDURE.
   When a party challenges a juror on grounds of bias or prejudice that party must make a showing of bias whereupon the trial judge is permitted to conduct a *voir dire* or interrogate the juror and make a finding as to the presence of absence of bias in the witness.

REFERENCES FOR POINTS IN HEADNOTES
[1] 33 Am Jur, Libel and Slander § 111.
[2] 41 Am Jur, Privacy §§ 2, 3, 11, 12, 20.
[3] 34 Am Jur, Malicious Prosecution §§ 6, 7.
[4] 31 Am Jur, Jury §§ 146, 147, 150, 182.
[5] 31 Am Jur, Jury §§ 150, 171.
[6, 7] 31 Am Jur, Jury § 151.

6. Same—Disqualification of Juror—Discretion—Appeal and Error.

> An appellate court will not reverse trial judge's determination as to bias of a juror when the trial judge has had an opportunity to interrogate and observe the challenged juror unless the record shows a clear abuse of discretion.

7. Same—Disqualification of Juror—Discretion.

> Trial judge's finding that juror challenged because of acquaintance with witness called by defendant was free from bias and prejudice and not otherwise challengeable *held*, not a clear abuse of discretion.

Appeal from Wayne, Farmer (Charles S.), J. Submitted Division 1 January 8, 1968, at Detroit. (Docket No. 2,212.) Decided September 24, 1968. Leave to appeal denied January 21, 1969. 381 Mich 798.

Complaint by Wilfred C. Rice against Winkelman Brothers Apparel, Inc., a Michigan corporation, for damages for defamation, invasion of privacy and abuse of process. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Wilfred C. Rice, in propria persona.*

*Alexander, Buchanan & Conklin (Floyd S. Wescott,* of counsel), for defendant.

J. H. Gillis, J. Plaintiff Wilfred C. Rice brought this action against Winkelman Brothers Apparel, Inc., for damages arising out of alleged defamation, invasion of privacy and abuse of process. A jury trial on the issues resulted in a verdict of no cause of action upon which judgment was entered. Mr. Rice has presented 25 questions for our review, some of which we deem meritorious, some of which we deem spurious, and none of which we find to constitute reversible error.

The facts very briefly are these:

In August, 1960, a woman purporting to be plaintiff's wife called defendant's store and opened a charge account over the telephone. The name given was Mrs. Martha Rice, alleged to be the wife of plaintiff, Wilfred C. Rice. The woman supplied credit information relative to Mr. Rice including his employment, other charge accounts, length of employment, salary, the name of Mr. Rice's mother and the city in which she resided. Subsequently, purchases were charged to this account which defendant went about collecting in what apparently was its usual method; including writing dun letters, making telephone calls, turning the matter over to a collection agency and eventually reflecting the incident in Mr. Rice's credit history.

The evidence is beyond dispute that Mr. Rice was not married in September, 1960, and that the address given by the purported Mrs. Rice was not that of Mr. Rice. Mr. Rice subsequently did marry a woman named Martha.

When the account in question became overdue defendant's employees testified that they contacted the purported Mrs. Rice who did make promises to pay on numerous occasions. There is a fair dispute of evidence as to whether the address later given by "Mrs. Rice" was the same as Mr. Rice's. Defendant also introduced a photocopy of what purportedly was a money order from Mr. Rice made as payment on the account.

When Mr. Rice was eventually contacted regarding the outstanding account, the evidence indicates he disputed the account and stated to defendant's employees that he was not married at the times in question.

Thereafter defendant's employees and agents made several telephone calls to Mr. Rice, both at his

office and at home. Moreover, the credit bureau of which defendant was a member was instructed to list Mr. Rice's claim as "disputed", which information was made available to the other member subscribers. Mr. Rice alleges that because of this stigma on his credit history he was denied a bank loan. It was clarified that the loan was not denied, but that the bank, for the first time, requested collateral, allegedly due to the "disputed" claim but without evidence of why the bank did request the collateral. The testimony as to the frequency and hours of the phone calls was sharply disputed at trial.

Unfortunately the trial turned to a test of the wholly collateral matter of whether plaintiff in fact was liable on the obligation. This does not appear to our minds to have any relevancy to the issue of whether plaintiff has proven defendant had acted maliciously in publishing the credit information to credit bureau members, and in attempting to collect the obligation by letters, phone calls and a prior (discontinued) lawsuit.

The common thread of plaintiff's allegations is that defendant acted maliciously—that any privilege was abused, that his privacy was unreasonably interfered with, and that the prior lawsuit had been intentionally brought to harass and wear down plaintiff. Malice may be defined, insofar as defamation is concerned, as acting in bad faith and with knowledge of the falsity of the statements. See *New York Times Co.* v. *Sullivan* (1964), 376 US 254 (84 S Ct 710, 11 L Ed 2d 686); *Weeren* v. *Evening News Association* (1967), 379 Mich 475; *Arber* v. *Stahlin* (1968), 10 Mich App 181. Likewise, an invasion of privacy, to be actionable, must be an unreasonabe and serious interference with the right to seclusion, *Pallas* v. *Crowley Milner & Company* (1948), 322 Mich 411. An action for abuse

of process or malicious prosecution again must have as its heart the malicious, wilful disregard of rights, or intentionally injurious conduct of the (present) defendant, particularly in attempting to subvert the processes of law. *Moore* v. *Michigan National Bank* (1962), 368 Mich 71 (1 ALR3d 948).

Conflicting evidence was presented on each of enumerated counts and the jury was free to find, under such proper instructions, for either party. The verdict was not against the great weight of the evidence.

A great deal of heat was generated during this lengthy and involved trial. Mr. Rice, acting in part as his own counsel, became indignant and upset during portions of the proceedings, as did defense counsel at various times. There are charges and insinuations and countercharges running rampant through this record. Throughout trial the record reveals the trial judge displayed the patience of Job in attempting to allow the litigants an opportunity to prove their respective cases. We feel it necessary to comment in disapproval on the practice as evidenced in this appeal, of taking minute snatches of out-of-context remarks by the trial judge and asking this Court to rule on each such tidbit. Consequently, on being satisfied that the record *in toto* is not unfair, we find no prejudicial error to have resulted from "this remark or that."

Appellant does raise a significant question, which does demand our attention, of whether a mistrial should have been declared when it was discovered that the foreman of the jury had been formerly employed under the husband of one of defendant's witnesses and knew the witness, although not intimately. When it was discovered that the juror knew the witness, the trial judge conducted the following *voir dire:*

*"The Court:* I understand that you are familiar with a proposed witness, Mrs. McLeod?

*"Juror No. 4:* I believe so.

*"The Court:* Do you know her very well?

*"Juror No. 4:* No.

*"The Court:* I understand that you worked for her husband?

*"Juror No. 4:* Yes.

*"The Court:* He was a foreman at Burroughs?

*"Juror No. 4:* Yes.

*"The Court:* Do you know her socially; do you visit each other's homes?

*"Juror No. 4:* No, sir.

*"The Court:* You only know him as a foreman at Burroughs?

*"Juror No. 4:* Yes, sir.

*"The Court:* Do you think that this would have any effect on you sitting as a juror and bringing in a verdict, along with the other jurors, based on the evidence and testimony from the witness stand, as well as the law that the Court gives you?

*"Juror No. 4:* No, sir.

*"The Court:* Do you think that you would give any more credence to her testimony than you would to any other person just because you know her?

*"Juror No. 4:* No, sir.

*"The Court:* This would have no influence on you whatsoever?

*"Juror No. 4:* No, sir.

*"The Court:* Very well, you may step down. Bring the jury in."

It is noteworthy that plaintiff made no objection to retention of this juror until this appeal. Be that as it may, it is essential in this instance to go behind form and to answer the question raised. Challenges for cause to a juror being impanelled are set forth in GCR 1963, 511.4. Mere acquaintance with one of a party's witnesses is not separately listed as a ground within the rule, unless it falls within GCR 1963, 511.4(3), "that the person is biased for or

against a party or attorney." Subparagraphs (4) through (13) of Rule 511.4 are situations in which bias or prejudice may be inferred. Subparagraph (3) is an escape hatch by which a party may challenge any juror on a showing of actual bias or prejudice. See committee note to rule 511 (2 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], p 460).

Lack of actual bias or prejudice of a challenged juror is a matter for the trial judge's determination. The challenging party is obliged to make a showing of such claimed bias or prejudice, *Van Oordt* v. *Metzler* (1965), 375 Mich 526; *People* v. *Collins* (1911), 166 Mich 4. The trial judge is then properly permitted to conduct a *voir dire* or interrogate the juror and make a finding of bias or lack of same, *Bunda* v. *Hardwick* (1965), 376 Mich 640, and is entitled to broad discretion in his examination.

When such prerogative is properly exercised by the trial judge, who had an opportunity to interrogate and observe the challenged juror, we do not reverse unless the record indicates a clear abuse of discretion. The same standard is to be applied to challenges made after the jury is impanelled. *People* v. *Anglin* (1967), 6 Mich App 666.

Our review of the present record indicates no such abuse of discretion.

The remaining questions raised on this appeal largely concern various evidentiary matters alleged to have been the basis of reversible error. It would unduly burden this opinion to pronounce separately on each point as we are satisfied that no reversible error has been called to our attention.

Affirmed. Costs to appellee.

QUINN, P. J., and HOLBROOK, J., concurred.