CITIZENS COMMERCIAL & SAVINGS BANK *v.* ENGBERG

JURY — VOIR DIRE EXAMINATION — UNTRUTHFUL JUROR — ACTUAL PREJUDICE.

  A litigant is entitled to a truthful answer from a prospective juror on his written *voir dire* questionnaire, but if the juror is untruthful on his questionnaire the litigant must show actual prejudice to his action or that the juror could have been excluded from the jury if the truth had been known, and, absent such a showing, it cannot be said that a trial court abused its discretion in refusing to grant a new trial.

Appeal from Genesee, Mansour (Anthony J.), J. Submitted Division 2 December 3, 1968, at Lansing. (Docket No. 4,408.) Decided December 31, 1968.

Complaint by Citizens Commercial and Savings Bank as guardian of the estate of Ruth Hazel Moulton against Richard Lee Engberg for automobile negligence. Verdict and judgment for defendant. Plaintiff's motion for a new trial denied. Plaintiff appeals. Affirmed.

*Ellis J. Bowler* and *Joseph R. Joseph,* for plaintiff.

*Gault, Davison & Bowers,* for defendant.

T. G. KAVANAGH, P. J. This suit arose out of an automobile accident involving plaintiff's ward, Ruth

---

REFERENCE FOR POINTS IN HEADNOTE
31 Am Jur, Jury § 143.

Hazel Moulton, and defendant. It was sometime
after 10 of the 12 jurors returned a verdict of no
cause for action that plaintiff learned of certain
misrepresentations made by one of the 10 jurors
on his written *voir dire* questionnaire. Plaintiff's
motion for a new trial on the grounds that, because
of these false answers, this juror was not qualified
or competent and therefore the jury was an im-
properly constituted tribunal, was denied. This ap-
peal ensues.

Upon plaintiff's discovery of inaccurate state-
ments on the jury questionnaire a hearing was held
and the juror brought before the court for ques-
tioning, by the court and both parties, relative to
his qualifications. The court concluded that the
juror did not answer the questions with accuracy,[1]
but stated:

"In the court's opinion, plaintiffs failed to show
that any of the charges brought against the juror,
even if true, would show that he had any precon-
ceived opinions or prejudices or such other interests,
limitations or knowledge as would impair his capac-
ity to render a fair and impartial verdict, as was
the plaintiffs' burden. *Lee* v. *Misfeldt,* 1 Mich App
675. Although the juror was available to testify,
and did testify, plaintiffs only questions concerned
the truth or falsity of the answers to the question-
naire and on the voir dire."

There is no question that a litigant is entitled to
a truthful answer from a prospective juror during

---

[1] On the *voir dire* questionnaire the juror stated that no member
of his family had ever been in an accident, that he had never been
arrested or charged with a crime and that he had never been a
party to any suit either civil or criminal.

At the hearing, the juror's testimony indicated that almost 8 years
prior to this trial, his estranged wife and children were involved in
a serious accident, outside this state, the details of which were denied
him, that he was divorced in an uncontested action, that he had been
picked up by the friend of the court for failure to pay support and
that he was adjudicated bankrupt.

his *voir dire* examination. See *Wood* v. *Henley* (1941), 296 Mich 491. Counsel has a right to rely on the truthfulness of a jury questionnaire because it is designed "to provide a basis for intelligent challenging." 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 456. However, upon discovery of a juror's false statements after a trial and verdict, a moving party must present to the court something more than the mere fact of the falsity of the answers. There must either be a showing of actual prejudice (see *People* v. *Schram* [1966], 378 Mich 145) or it must be established to the satisfaction of the trial court that the moving party would have successfully challenged for cause[2] or otherwise dismissed the juror in question had the truth been revealed prior to trial. See *Kwaiser* v. *Peters* (1967), 6 Mich App 153, 381 Mich 73.

"A person sitting on a jury panel is presumed to be qualified and competent to serve, and the burden is on the challenging party to make out a *prima facie* case to the contrary." *Lee* v. *Misfeldt* (1965), 1 Mich App 675, 679.

Plaintiff has presented no proof of actual prejudice on the part of this juror nor has it been established that this juror was unqualified thereby rendering the jury an improperly constituted tribunal. Proof alone of a false answer on the questionnaire is not a sufficient showing of prejudice.

The decision of the lower court in these matters is not made as a matter of law but rather is decided on the facts. See *Clemmons* v. *Super Food Services, Inc.* (1966), 3 Mich App 377. The lower court in this

---

[2] "In order to discharge a juror for cause, it is incumbent upon the challenger to show the court that the juror has preconceived opinions or prejudices, or such other interests, limitations or knowledge as would impair his capacity to render a fair and impartial verdict." *Lee* v. *Misfeldt* (1965), 1 Mich App 675; see GCR 1963, 511.4.

case had the opportunity to question this juror and determine his credibility. Absent a showing of actual prejudice or proof that a challenge for cause would properly have been successful, or proof of circumstances that would indicate the moving party would have been more likely than not to have excused the juror on a peremptory challenge, it cannot be said that the trial court abused its discretion in refusing to grant a new trial.

Affirmed. Costs to appellee.

QUINN and MILLER, JJ., concurred.