PEOPLE v GRAHAM

Docket Nos. 31340, 77-2037. Submitted May 4, 1978, at Grand Rapids.
—Decided July 17, 1978.

John L. Graham was convicted in Calhoun Circuit Court, Creighton R. Coleman, J., of delivery of a controlled substance and of being a habitual offender. Defendant, prior to his conviction as a habitual offender, moved to set aside the verdict in the first conviction and offered affidavits of a juror to the effect that the juror did not recognize the name of one of the witnesses when the list was read to him, that he in fact knew the witness, who testified for the prosecution, that he was prejudiced in favor of the prosecution and against the defendant as a result of his acquaintenance with the witness and that he was not an impartial juror. The trial court denied defendant's motion, ruling that the affidavits were inadmissible. Defendant appeals his convictions. *Held:*

1. Affidavits or testimony to impeach a jury's verdict are properly received when they concern overt acts, accessible to the knowledge of all the jurors or deal with matters not inhering in the verdict and when they are not generalized, ambiguous or vague.

2. A new trial should be granted where affidavits or testimony are presented confirming that matters have been falsely denied or concealed on voir dire, if these matters would establish the juror's incompetency or disqualification or would lead the parties to challenge him or her, and if the affidavits are not proffered to show misconduct of a juror or jury for the purpose of impeaching the verdict; it makes no difference whether the denial or concealment by the juror was intentional or otherwise.

Reversed and remanded.

1. JURY—VERDICT—IMPEACHMENT OF VERDICT—OVERT ACTS.

Affidavits or testimony to impeach a jury's verdict are properly received when they concern overt acts, accessible to the knowl-

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial § 1219.
[2] 76 Am Jur 2d, Trial § 1228.

edge of all the jurors, or deal with matters not inhering in the verdict and when they are not generalized, ambiguous or vague.

2. CRIMINAL LAW—JURY—VERDICT—NEW TRIAL—VOIR DIRE—JUROR —DENYING OR CONCEALING MATTERS ON VOIR DIRE.

A new trial should be granted where affidavits or testimony are presented confirming that matters have been falsely denied or concealed on voir dire, if these matters would establish the juror's incompetency or disqualification or would lead the parties to challenge him or her and if the affidavits are not proffered to show misconduct of a juror or jury for the purpose of impeaching the verdict; it makes no difference whether the denial or concealment by the juror was intentional or otherwise.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James D. Norlander,* Prosecuting Attorney, for the people.

*F. Martin Tieber,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P. J., and BASHARA and R. M. MAHER, JJ.

R. M. MAHER, J. Charged with delivery of a controlled substance, namely heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), defendant was convicted by a jury on August 25, 1976. He was sentenced to prison on October 20, 1976, for a term of 9 to 20 years. Defendant was then charged as a habitual offender under MCL 769.10; MSA 28.1082. A jury found him guilty of that charge on January 27, 1977. Defendant's sentence was increased to a term of 13-1/2 to 30 years. He appeals as of right.

The only evidence against defendant was identification by an undercover officer. The officer's testimony was corroborated by an informant, one Gary Clark, a friend and cousin of the defendant. In an affidavit Clark had asserted that he and not the

defendant had sold the heroin to the undercover officer. During the trial, however, Clark changed his story and said that it was the defendant who had received money in return for the heroin. The jury eventually returned the verdict of guilty.

On September 9, 1976, defendant filed a motion to set aside the verdict. Filed with the motion was an affidavit from juror Rodney Rogers who swore that he did not recognize the name of Gary Clark when a witness list was read to the jurors. In addition, the witnesses were not present in the courtroom when the jury was selected. When Gary Clark was called to the stand, Rogers realized that he had gone to school with the witness. Not knowing what to do, Rogers disclosed none of this to the court or the parties involved but continued to sit as a juror throughout the case. Had he known who the witness was at the beginning, Rogers stated, he would have asked to be excused.

In a supplemental affidavit the juror Rogers asserted that he was prejudiced in favor of the prosecution and against the defendant because of his familiarity with the witness. He felt that under the circumstances he was not an impartial juror.

The trial court denied the motion to set aside the verdict finding the juror Roger's affidavit inadmissible. The court stated, "Generally speaking, a juror's testimony or affidavit is not receivable to impeach his own verdict. * * * [T]he law is that jurors' testimony and affidavits as to their mental processes in arriving at a verdict should be excluded from evidence in an attack on a jury verdict."

In one respect, the trial court is correct. The common rule is well established that jurors may not impeach their verdicts by affidavits. "To permit this would open the door for tampering with

the jury subsequent to the return of their verdict." *People v Pizzino,* 313 Mich 97, 105; 20 NW2d 824 (1945).

There is an exception to the general rule, one whose genesis is in Federal case law and which has been adopted in Michigan. Affidavits or testimony to impeach the verdict are properly received when they concern overt acts, accessible to the knowledge of all the jurors.

"[The affidavits must tend] to prove something which did not essentially inhere in the verdict, an overt act, open to the knowledge of all the jury, and not alone within the personal conciousness of one." *Mattox v United States,* 146 US 140, 149; 13 S Ct 50; 36 L Ed 917 (1892), quoting *Perry v Bailey,* 12 Kan 539, 545 (1874).

*Mattox* distinguishes between matters inhering in the verdict, which are inadmissible to impeach the verdict, and facts which are extraneous or an outside influence, which are admissible (as long as those facts do not demonstrate how far that influence operated upon the juror's mind). The *Mattox* case, including the exception it delineates, is cited with approval in *People v Moreland,* 12 Mich App 483; 163 NW2d 257 (1968).

If the affidavit, then, deals with matters not inhering in the verdict, it should be received. In Michigan there is the additional requirement that the affidavit relied upon not be generalized, ambiguous and vague. See *People v Van Camp,* 356 Mich 593; 97 NW2d 726 (1959).

It is proper and appropriate to grant a new trial when affidavits or testimony are presented confirming that matters have been falsely denied or concealed on voir dire, if these matters would establish the juror's incompetency or disqualification or would lead the parties to challenge him or

her *and* if the affidavits are not proffered to show misconduct of a juror or jury for the purpose of impeaching their verdict. *Grist v The Upjohn Co,* 16 Mich App 452; 168 NW2d 389 (1969).

In weighing the affidavits, whether the concealment of answers on voir dire is intentional or otherwise is of no moment. In *Grist v The Upjohn Co, supra,* the nondisclosure was intentional. In *People v DeHaven,* 321 Mich 327; 32 NW2d 468 (1948), a new trial was granted when a juror purposely gave false answers and practiced deception. In *People v Hannum,* 362 Mich 660; 107 NW2d 894 (1961), the Court dealt with a situation not in which a juror purposely made false answers but in which the juror simply did not disclose the information because not asked about it. The Court held:

"That the lack of disclosure of the pertinent fact can be attributed to failure to expressly ask the prospective juror about it can hardly be thought to have insured an impartial trial any more so than in *DeHaven,* merely because there the panel members denied such disqualification." 362 Mich at 667.

In the instant case, the juror did not intentionally conceal his knowledge. He became aware of his acquaintance with the witness midway through the trial. In either situation, the bias of the juror would be present during deliberations.

"[T]he fact that the court in a case in which the element of intent to conceal is present states its rulings with reference to the presence of that element, does not establish the decision as amounting to a ruling that where such element is absent the affidavit or testimony will not be admissible. The better view evidently is that it is the fact of nondisclosure or concealment notwithstanding sufficient and well-directed questioning on voir

dire, not the intent of the juror in making answer, which grounds the testimony or affidavits of fellow jurors." Anno: *Admissibility, in Civil Cases, of Juror's Affidavit or Testimony to Show Bias, Prejudice, or Disqualification of a Juror Not Disclosed on Voir Dire Examination.* 48 ALR2d 971, 976.

*Cf. Slater v United Traction Co,* 172 App Div 404; 157 NYS 909 (1916), dealing with statements made by a juror after the verdict. There the view taken was that the inquiry whether the nondisclosure on voir dire was intentional or merely inadvertent did not determine the question of admissibility.

The intention of the juror (or lack thereof) at the time of voir dire is, for these purposes, of little importance if important facts have remained undisclosed. But to mandate a new trial more than the discovery of an error by way of the nondisclosure of facts is necessary. The party moving for a new trial must present proof of actual prejudice or must establish to the satisfaction of the trial court that the moving party would have successfully challenged for cause or otherwise dismissed the juror in question had the truth been revealed prior to trial. *Citizens Commercial & Savings Bank v Engberg,* 15 Mich App 438; 166 NW2d 661 (1968), *Gustafson v Morrison,* 57 Mich App 655; 226 NW2d 681 (1975).

Here the affidavits of Rogers establish that he was prejudiced in favor of the prosecution. He states that he was not an impartial juror because of his acquaintance with the prosecution witness. Actual prejudice was established. Furthermore, an affidavit from defense counsel could have verified that had he known the truth about the juror's acquaintance with the witness, he would have either challenged the juror for cause or dismissed him peremptorily. Based on the statements in the

affidavit, defendant would have grounds to challenge the juror for cause. GCR 1963, 511.4(3).

Since actual prejudice has been established, based upon the juror's affidavits, defendant is hereby granted a new trial. We find no merit in defendant's remaining allegations of error.