PEOPLE v JOHNSON

Docket No. 48010. Submitted October 15, 1980, at Lansing.—Decided February 18, 1981. Leave to appeal applied for.

MacNeal Johnson was convicted by a jury in Saginaw Circuit Court of delivery of heroin and conspiracy to deliver heroin, Hazen R. Armstrong, J. Defendant appeals, contending 1) that the failure of the prosecution to endorse or call a missing codefendant as a res gestae witness resulted in a denial of fundamental fairness to defendant, 2) that the trial court should have granted his motion for a mistrial after it was learned that 3 of the 14 jury members had sat on previous juries where the prosecutor's informant-witness had testified, 3) that it was error for the trial court to allow a statement of a coconspirator to be admitted into evidence and used against defendant, and 4) that it was error for the trial court to allow testimony of the state's rebuttal witness to impeach a coconspirator's testimony on direct examination. *Held:*

1. The prosecutor was not obligated to endorse or call the missing codefendant. There was no showing of prosecutorial impropriety or bad faith in the state's inability to find or arrest the codefendant. Thus, there was no denial of fundamental fairness to defendant.

2. Two of the jurors in question were excused, the third stated that he could give a fair and impartial verdict in the case. A trial court's determination of a juror's ability to render an impartial verdict is reversed only where an appellate court finds a clear abuse of discretion. No clear abuse of discretion is found in the trial court's denial of a mistrial.

3. It was not error for the trial court to admit the statement

REFERENCES FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Prosecuting Attorneys § 25 *et seq.*
81 Am Jur 2d, Witnesses § 2.
[2] 76 Am Jur 2d, Trial § 1080.
[3, 4] 47 Am Jur 2d, Jury §§ 267-269.
[4] 47 Am Jur 2d, Jury § 216.
[5] 47 Am Jur 2d, Jury § 268.
[6] 16 Am Jur 2d (Rev), Conspiracy § 40 *et seq.*
[7] 16 Am Jur 2d (Rev), Conspiracy § 47.
[8] 81 Am Jur 2d, Witnesses §§ 474-476, 591-595.

made by the coconspirator. A declaration or act of a conspirator, made or done pursuant to or in furtherance of the conspiracy and while the conspiracy is in progress or existence, is admissible against a coconspirator.

4. It was error for the trial court to allow testimony of the state's rebuttal witness to impeach the coconspirator's testimony on direct examination; however, because the trial judge instructed the jury as to the limited use of the evidence of the coconspirator's prior conduct, and because of the additional instructions to the jury, which the defense counsel assisted in drafting, and the fact that defense counsel did not object to the additional instructions as given by the court, there is not sufficient error nor is there any demonstration of manifest injustice which would require reversal.

Affirmed.

T. M. BURNS, J., dissented. He would reverse and remand for a new trial because of the improper rebuttal testimony which, in his opinion, could not have been cured by the trial judge's instructions to the jury.

## OPINION OF THE COURT

1. WITNESSES — CRIMINAL LAW — ACCOMPLICES — RES GESTAE WITNESSES.

The prosecution is not obligated to endorse or produce accomplices as res gestae witnesses.

2. TRIAL — JURY — BIAS OF JURORS — MISTRIAL.

Declaration of a mistrial may be appropriate where a trial judge discovers that one or more jurors might be biased.

3. JURY — CHALLENGE OF JUROR — COURT RULES.

A trial court may grant a challenge of a juror for cause if the court determines that the person is biased for or against a party or attorney or if the person shows a state of mind which will prevent him from rendering a just verdict, or has formed a positive opinion of facts of the case or as to what the outcome should be (GCR 1963, 511.4[3][4]).

4. JURY — CHALLENGE OF JUROR — PROCEDURE.

A party who challenges a juror on grounds of bias or prejudice must make a showing of bias whereupon the trial judge is permitted, with broad discretion, to conduct a *voir dire* or interrogate the juror and make a finding as to the presence or absence of bias in the witness.

5. APPEAL — JURY — QUALIFICATION OF JUROR — ABUSE OF DISCRETION.

A trial court's determination of a juror's ability to render an impartial verdict is reversed only where an appellate court finds a clear abuse of discretion.

6. CRIMINAL LAW — EVIDENCE — CONSPIRACY — DECLARATIONS OR ACTS OF CONSPIRATORS — ADMISSIBILITY.

A declaration or act of a conspirator made or done while the conspiracy was in existence or in progress and made pursuant to or in furtherance of the conspiracy is admissible against a coconspirator; the declaration or act is not admissible if it occurred before or after the conspiracy.

7. CRIMINAL LAW — EVIDENCE — CONSPIRACY — EXTRAJUDICIAL STATEMENTS — ADMISSIBILITY.

It is error to admit into evidence, in a trial for conspiracy, an extrajudicial statement made by a defendant where the statement is unconnected with the conspiracy and is admitted without a limiting instruction because it is prejudicial to a codefendant against whom the evidence is tenuous and entirely circumstantial.

DISSENT BY T. M. BURNS, J.

8. CRIMINAL LAW — EVIDENCE — WITNESSES — COLLATERAL MATTER TESTIMONY — IMPEACHMENT.

*A witness's testimony on collateral matters is binding except as it may be shaken by his own cross-examination, and even such cross-examination may be limited in the discretion of the trial judge to keep the trial within the bounds of relevancy and pertinency; under no circumstances may the testimony of others be produced to impeach by putting in issue the accuracy or truthfulness of the witness on unrelated matters.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Appellate Prosecuting Attorney, for the people.

*Patrick Michael Cleary,* for defendant on appeal.

Before: M. F. Cavanagh, P.J., and T. M. Burns and R. H. Campbell,* JJ.

Per Curiam. The defendant, his brother Jerome Johnson, and a person named Leon, who was neither found nor arrested, were all named as coconspirators in this matter. The defendant and Jerome were tried together but Jerome pled guilty before his case went to the jury. This appeal by right follows defendant's conviction.

Michael Pierrie, a drug-addict informant, and Daniel Michael Averill, an undercover state police trooper, testified that the defendant parked his car behind theirs on a street in the City of Saginaw. Pierrie went to the defendant's car to arrange a heroin deal while Averill remained in his car. Trooper Averill had told Pierrie that he only had $480 with which to purchase heroin. Pierrie testified that the defendant offered to deliver a "short quarter" or "7-1/2 spoons" for $480. Pierrie gave the defendant the money. Trooper Averill did not hear any of the conversation between Pierrie and the defendant. Later, at Pierrie's apartment, Jerome Johnson and Leon arrived and said they had their (Averill and Pierrie's) dope. Leon produced the heroin, gave it to Jerome, who, without being asked to, measured out 7-1/2 spoons of heroin. Trooper Averill took the foil packet the heroin was placed in. Trooper Averill testified that 7-1/2 spoons was an uncommon quantity. Averill also testified that after he had taken the packet of heroin, Jerome told him, "I told you to go through me, not Mac".

Although the prosecution has a duty to endorse on the information and call all res gestae witnesses, it is not obligated to endorse or produce

* Circuit judge, sitting on the Court of Appeals by assignment.

accomplices. *People v Threlkeld,* 47 Mich App 691; 209 NW2d 852 (1973), *People v Szymanski,* 52 Mich App 605; 218 NW2d 95 (1974). The prosecutor was not obligated to endorse or call the missing codefendant, Leon. There was no showing of prosecutorial impropriety or bad faith in the state's inability to find or arrest Leon and, thus, no denial of fundamental fairness to defendant.

The defendant also contends that the trial court should have granted his motion for a mistrial when, after the jury was sworn, three members of the 14-member panel realized that they had sat on previous juries which had heard informant-witness Pierrie testify in drug prosecutions. Defense counsel moved for a mistrial based on the fact that they still had two peremptory challenges left (between the two defendants) and would have used those challenges had they known these jurors had heard Pierrie testify before. The trial court denied this motion. Two of the jurors asked to be excused, the third stated that, although he had been on a jury that had heard Pierrie testify, he had not taken part in the deliberations and he could give "a fair and impartial verdict in this case".

It is important for trial courts to safeguard a defendant's right to a fair trial before an impartial jury. Declaration of a mistrial may be appropriate where a trial judge discovers that one or more jurors might be biased. *People v Gardner,* 37 Mich App 520, 527; 195 NW2d 62 (1972), *lv den* 387 Mich 771 (1972). The court may grant a challenge of a juror for cause if the court determines a person is biased for or against a party or attorney or if "the person shows a state of mind which will prevent him from rendering a just verdict, or has formed a positive opinion on the facts of the case or as to what the outcome should be". GCR 1963,

511.4(3)(4). "Lack of actual bias or prejudice of a challenged juror is a matter for the trial judge's determination. The challenging party is obliged to make a showing of such claimed bias or prejudice. The trial judge is then properly permitted to conduct a *voir dire* or interrogate the juror and make a finding of bias or lack of same and is entitled to broad discretion in his examination." *Rice v Winkelman Brothers, Inc,* 13 Mich App 281, 287; 164 NW2d 417 (1968), *lv den* 381 Mich 798 (1969). (Citations omitted.)

In the instant case, the juror who remained on the jury was questioned as to his ability to render an impartial verdict. The trial court's determination of a juror's ability to render an impartial verdict is reversed only where an appellate court finds a clear abuse of discretion. *Rice v Winkelman, supra, People v Gerald Hughes,* 85 Mich App 8; 270 NW2d 692 (1978).

The challenged juror here satisfied the trial court as to his impartiality. The trial judge is better able to judge demeanor and credibility when a juror asserts that he could render an impartial verdict. Even though this juror was ultimately chosen by his fellow jurors to act as foreman, we do not find a clear abuse of discretion for the trial court to retain this juror after questioning the juror on the matter. The court determined that the fact that this juror had sat on a panel that had heard the informant testify in other drug offense cases did not necessarily indicate that the juror must have been biased when he did not participate in the earlier jury's deliberations. The juror maintained that he was not prejudiced by his having previously heard the informant-witness. We are persuaded that the trial judge acted correctly in not declaring a mistrial in

light of *People v Wyskochil,* 76 Mich App 468, 471; 257 NW2d 126 (1977), which held that "[t]o adopt a rule that would per se exclude a police officer or other witness from testifying before the same panel a second time would unduly constrain the judicial process".

This Court in *People v Graham,* 84 Mich App 663; 270 NW2d 673 (1978), held that a new trial was necessary where a juror recognized a witness only after the witness took the stand and the juror stated he was prejudiced in favor of one party to the case because of his acquaintance with the witness. The *Graham* Court said:

"[T]o mandate a new trial more than the discovery of an error by way of the nondisclosure of facts is necessary. The party moving for a new trial must present proof of actual prejudice or must establish to the satisfaction of the trial court that the moving party would have successfully challenged for cause or otherwise dismissed the juror in question had the truth been revealed prior to trial." *Graham, supra,* 668.

This Court in *Citizens Commercial & Savings Bank v Engberg,* 15 Mich App 438, 441; 166 NW2d 661 (1968), held:

"Absent a showing of actual prejudice or proof that a challenge for cause would properly have been successful, or proof of circumstances that would indicate the moving party would have been more likely than not to have excused the juror on a peremptory challenge, it cannot be said that the trial court abused its discretion in refusing to grant a new trial."

There was no deliberate attempt by the jurors in the case *sub judice* to conceal their prior service on juries which had heard drug cases. (Pierrie's

name may have been mispronounced when the list of witnesses was read to the prospective jurors.)

The defense counsels did not challenge peremptorily or for cause any of the jurors who sat on previous drug cases. They did not indicate any belief that the jurors would not render an impartial verdict. After a review of the whole record, we find no abuse of discretion in the trial court's denial of a mistrial in the case.

Defendant next contends that it was error for the trial court to allow the statement of coconspirator Jerome Johnson to Trooper Averill, "I told you to go through me, not Mac", to be used against defendant MacNeal Johnson.

A declaration or act of a conspirator pursuant to or in furtherance of the conspiracy is admissible against a coconspirator but declarations or acts must be made or done while the conspiracy is in existence or in progress. They are not admissible where they occur before or after the conspiracy. 16 Am Jur 2d, Conspiracy, § 69, p 280, *People v Chambers,* 279 Mich 73, 78-79; 271 NW 556 (1937). Acts and statements made after a conspiracy has come to an end, made by one coconspirator, are not admissible against others. *People v Beller,* 294 Mich 464, 469; 293 NW 720 (1940), *People v Berryman,* 43 Mich App 366; 204 NW2d 238 (1972), *lv den* 390 Mich 801 (1973), *People v Trilck,* 374 Mich 118; 132 NW2d 134 (1965). An extrajudicial statement by a defendant, which is unconnected with the conspiracy and is admitted into evidence without a limiting instruction, is prejudicial to a codefendant against whom the evidence is tenuous and entirely circumstantial, and its admission constitutes error. *People v Berryman, supra,* 373.

We do not find that the statement by Jerome Johnson was unconnected with conspiracy to de-

liver heroin. Although the statement was made
after the heroin was transferred from Jerome
Johnson to Trooper Averill, it was made immedi-
ately after the transfer. The statement was made
at the scene of the heroin transfer and was made
by the transferee of the heroin to the recipient.
These facts would distinguish this statement from
that in *Berryman* where the offensive statements
were made three or four days before the activities
which comprised the unlawful conduct and one
day after those activities, and were of such general
nature that they did not connect the coconspirator
to the unlawful activity nor did they mention him
by name. The evidence in the present case is not
so tenuous and circumstantial as to cause this
extrajudicial statement by one defendant, which
we have found to be connected with the unlawful
activity, to be viewed with great suspicion. Wit-
nesses testified on both sides concerning the defen-
dant's participation in the conspiracy.

It is the task of the jury to weigh the credibility
of witnesses' testimony. The defendant admitted
receiving money from Pierrie but claimed that the
transaction which occurred in front of Pierrie's
apartment had to do with bootlegging tapes. We do
not find that the facts of this case indicate the
"highly prejudicial impact" of Averill's testimony
about the coconspirator's statement which would
bring it within the *Berryman* requirement to find
error.

We agree with defendant that it was error for
the trial court to allow testimony of the state's
rebuttal witness, Sergeant Robinson, to impeach
Jerome Johnson's testimony on direct examina-
tion.

Jerome Johnson testified on cross-examination
that he did not see or meet his brother MacNeal

on May 10 or 12, 1977, when he (Jerome) had left informant Pierrie to get heroin to sell to Pierrie and a state police trooper and returned with the heroin which he sold to the two. The trial court allowed the prosecution to present a rebuttal witness to impeach Jerome Johnson's statement that he had not seen MacNeal and, inferentially, that MacNeal Johnson had no involvement with the prior heroin sale on May 10, 1977.

MRE 608(b) states:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence."

The conduct which Jerome testified he engaged in (not stopping at Mac's Record Store or Mac-Neal's house to see his brother during the trip to pick up the heroin) was contradicted by the prosecutor's witness, Sergeant Robinson. Robinson testified that he had followed Jerome and had seen him stop at both of these places on that day. The purpose of this rebuttal testimony was to attack the credibility of Jerome as a witness. The admission of Sergeant Robinson's testimony for this purpose constituted error under MRE 608(b). The defense counsel preserved this issue for appeal by properly objecting to the testimony. This testimony was not admissible against MacNeal as a prior bad act under MRE 404(b) because there was not "substantial evidence" that MacNeal participated in the May 10 heroin delivery. *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980).

Testimony about Jerome Johnson's alleged deliveries of heroin on May 10, 1977, and other occa-

sions prior to and including June 30, 1977, was brought out in the prosecution's case in chief. This testimony about Jerome was used to show his identity and "that the defendant (Jerome) was acting purposefully, that is that his acts were a result of a characteristic scheme, plan or system that he used before". The admission of the prior acts for this purpose in the case against Jerome is not contested in this appeal.

The defense counsel assisted in preparing an additional instruction which the court read to the jury. It instructed them to consider the evidence as it applied to each individual defendant. Admission of the testimony to impeach Jerome's credibility as to his statement that he did not go to Mac's Record Store or house was error, but, because the trial judge instructed the jury as to the limited use of the evidence of Jerome's prior conduct, and because of the additional instructions, which the defense counsel assisted in drafting,[1] and the fact that defense counsel did not object to the additional instructions as given by the court, we do not find sufficient error or a demonstration of manifest injustice that would require reversal. *People v Stinson,* 88 Mich App 672, 674; 278 NW2d 715 (1979), *People v Turner,* 59 Mich App 589, 596; 229 NW2d 861 (1975).

We do not find merit in defendant's other issues on appeal and, accordingly, affirm.

Affirmed.

T. M. BURNS, J. *(dissenting).* I disagree with the holding of the majority insofar as they would find no reversible error with respect to defendant's

---

[1] The court's additional instructions included the statement:

"Each defendant is entitled to have his case determined from the evidence, as to his own acts and statements and conduct and any other evidence, which may apply to him."

argument that he was denied a fair trial when the trial judge permitted the prosecutor to present a rebuttal witness to impeach Jerome Johnson's testimony on direct examination. The substance of this rebuttal testimony was a statement by the witness that impeached Jerome Johnson's testimony that he had not seen his brother, defendant, on May 10 or May 12, 1977. Whether Jerome Johnson had seen defendant on either of these two dates was a matter that was entirely collateral to any relevant issue at trial.

This Court in *People v Ellerhorst*, 12 Mich App 661, 670-671; 163 NW2d 465 (1968), clearly stated Michigan law regarding the impeachment of a witness on a collateral issue:

"On collateral matters, the testimony of a witness is binding except as it may be shaken by his own cross-examination, and even such cross-examination may be limited in the discretion of the trial judge to keep the trial within the bounds of relevancy and pertinency. *Under no circumstances may the testimony of others be produced to impeach by putting in issue the accuracy or truthfulness of the witness on unrelated matters."* (Emphasis supplied.)

More recently, the Supreme Court recognized the potential for prejudice to a criminal defendant when the prosecutor deems it expedient to impeach a witness with regard to a collateral trial issue. *People v Spalla*, 408 Mich 876 (1980), *rev'g* 83 Mich App 661; 269 NW2d 259 (1978).

Therefore, because the rebuttal testimony unquestionably was improper, I believe that reversible error has occurred that could not have been cured by the trial judge's instructions to the jury. I would reverse and remand this cause for a new trial.