PEOPLE v ROUPE

Docket No. 78874. Submitted August 6, 1985, at Lansing.—Decided April 8, 1986. Leave to appeal applied for.

Defendant, Gary W. Roupe, was convicted by a Bay Circuit Court jury of the offense of escaping from prison without lawful discharge. Following that conviction, defendant pleaded guilty to an habitual offender charge. The circuit court, Eugene C. Penzien, J., sentenced defendant to from 15 to 50 years in prison. Defendant appealed, raising several issues. *Held:*

1. The trial court abused its discretion in declining to excuse for cause a juror who stated a bias against black people during voir dire. The juror aptly demonstrated his bias against black people by twice stating that he did not care for black people. Although the juror stated that he could serve fairly and impartially, he equivocated and gave qualified answers to questions by the trial court and defense counsel about whether he would have problems believing the testimony of a black woman, a witness whom defendant called to testify. This error required reversal.

2. The trial court did not err by not allowing defendant 20 peremptory challenges at the time of jury selection in the trial on the principal charge of prison escape. Defendant would have been entitled to 20 peremptory challenges had he chosen to be tried by a jury on the habitual offender charge of being a sixth-time offender; however, defendant chose to plead guilty.

3. The information contained language which was identical to that in the prison escape statute. Therefore, defendant had sufficient notice of the prison escape charge against him.

4. The state and the Department of Corrections have joint

REFERENCES

Am Jur 2d, Escape, Prison Breaking and Rescue §§ 17 *et seq.*

Am Jur 2d, Indictments and Information §§ 66 *et seq.*

Am Jur 2d, Jury §§ 96 *et seq.,* 213 *et seq.*

Am Jur 2d, Witnesses §§ 656 *et seq.*

Use or admissibility of prior inconsistent statements of witness as substantive evidence of facts to which they relate in criminal case —modern state cases. 30 ALR4th 414.

See also the annotations in the ALR3d/4th Quick Index under Escape or Flight.

authority to implement the prison escape statute. The trial court did not err by allowing defendant to be prosecuted under the prison escape statute, even if the Department of Corrections has the statutory authority to implement rules to deal with a prisoner's failure to return to a facility.

5. The trial court did not err by refusing to admit into evidence the testimony of a witness that defendant told her he was "trying to find money". The statement was hearsay and did not fit the state of mind exception to the hearsay rule, as defendant argued.

6. The trial court did not abuse its discretion in allowing the people to introduce evidence of defendant's prior convictions in cross-examining a witness who attested to defendant's good character. The people introduced evidence of defendant's prior convictions to test the credibility of defendant's character witness, after defendant had raised his good character as an issue. Moreover, any resultant prejudice to defendant was cured by the trial court's instruction to the jury that they were not to consider evidence of the prior convictions as substantive evidence, but rather only as evidence of the witness's credibility.

7. Defendant was not prejudiced by the trial court's comments addressed to the jury regarding a furlough violation by defendant and defendant's prior convictions.

8. The trial court properly instructed the jury on the elements of the defense of duress, and the verdict form was not unduly suggestive because it lacked a reference to the defense of duress.

9. Defendant's sentence did not constitute cruel and unusual punishment. The sentence was within the statutory limits and did not shock the judicial conscience of the Court of Appeals.

Reversed and remanded.

1. JURY — APPEAL — QUALIFICATIONS OF JUROR.

A trial court's determination of a juror's ability to render an impartial verdict may be reversed only where an appellate court finds a clear abuse of discretion.

2. JURY — DISQUALIFICATION OF JUROR.

A party who challenges a juror on grounds of bias or prejudice bears the burden of showing bias or prejudice.

3. ESCAPE — CRIMINAL LAW.

The Legislature intended to allow the Department of Corrections to promulgate rules to address prison escape situations and also intended that the state prosecute individuals who fail to remain within the extended limits of their confinement under the

prison escape statute (MCL 750.193, 791.265a[3]; MSA 28.390, 28.2325[1][3]).

4. INDICTMENT AND INFORMATION — CRIMINAL LAW.

An information which uses the language of the statute is generally sufficient to apprise a criminal defendant of the charge being brought against him.

5. WITNESSES — CHARACTER WITNESSES — CREDIBILITY — PRIOR CONVICTION OF DEFENDANT.

A witness who has testified to a defendant's good character may be questioned as to the grounds of knowledge upon which that witness's assertion is based; the witness may be interrogated on cross-examination with respect to the defendant's prior convictions, not to establish such convictions but to test the credibility of the character witness by ascertaining his good faith, information and accuracy; this rule is equally applicable in situations where the character witness is questioned as to other offenses allegedly committed by the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Allsopp, Fitzgerald & Kolka* (by *William W. Allsopp),* for defendant.

Before: HOOD, P.J., and D. E. HOLBROOK, JR. and D. P. KERWIN,* JJ.

PER CURIAM. Defendant was convicted by a jury of escaping from prison without lawful discharge, MCL 750.193; MSA 28.390. Thereafter he pled guilty to being a sixth-felony offender, MCL 769.13; MSA 28.1085, and was sentenced to from 15 to 50 years in prison. He appeals as of right. We reverse and remand for a new trial.

Defendant entered the Bay City Corrections Center to serve the remainder of a 5- to 20-year

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

sentence on a prior conviction. He was given a weekend furlough on June 10, 1983. There were two conditions to defendant's furlough: (1) defendant was required to return to the corrections center by 5:30 p.m. on June 12, 1983, and (2) he was not to leave his placement at his mother's home between 9:00 p.m. and 7:30 a.m. on June 10 and 11, 1983. On June 11, 1983, a corrections center employee made a spot check to determine whether defendant was complying with his weekend furlough and found that defendant was not at his mother's home where he was supposed to be. Defendant failed to return on June 12, 1983, to the corrections center as required. Later, in October 1983, defendant was apprehended and returned to jail.

Defendant has raised ten claims of error on appeal. We will first discuss the claim which requires reversal, then briefly dispose of the remaining issues.

I

Defendant claims that the trial judge abused his discretion in refusing to dismiss a juror for cause after the juror expressed a general bias against black people. During voir dire, the trial judge asked Juror Terry Powers if there was anything else he had to say and Powers replied, "Not really, just that I don't care for colored people." Then, the following exchange took place:

"*The Court:* Okay. Does that mean that if a person is black that therefore you would not accept his testimony?

"*Juror Powers:* Not really, no.

"*The Court:* Would you take—Would it take more for a black person to convince you of the accuracy of his testimony than it would take someone else? On a one to

one basis. I'm not talking about groups now, I'm talking about one person.

*Juror Powers:* I guess not.

\* \* \*

"*The Court:* Do you believe that if you did serve, you could do so fairly and impartially to both sides?

"*Juror Powers:* Yes.

\* \* \*

"*The Court:* Mr. Jacobs?

"*Mr. Jacobs:* Yes, your Honor.

"Mr. Powers, if a black woman is dating a white man and that black woman takes the stand and gives some sort of testimony, is the fact that she's black and the fact that she's dating a person who's white, is that going to affect your decision?

"*Juror Powers:* I don't think so.

"*Mr. Jacobs:* Are you going to have any problems with that?

"*Juror Powers:* (no response)

"*Mr. Jacobs:* You're going to have to speak up now.

"*Juror Powers:* No.

"*Mr. Jacobs:* No?

"*Juror Powers:* No.

"*Mr. Jacobs:* No problems? That you could listen to the testimony and regardless of someone's relationship render a fair and impartial decision?

"*Juror Powers:* Yeah, I guess so.

"*Mr. Jacobs:* Well 'I guess so', that kind of scares me a little bit. Yes, you can?

"*Juror Powers:* Well, I already said I didn't care for them because I've had some dealings with them already and they've said some stuff to people and I don't care for 'em, so—But not all people is like that."

As two of defendant's witnesses were black, his girlfriend and her mother, defense counsel asked to excuse the juror for cause. The trial judge did not believe that it had been established that Powers's opinions might influence his verdict, and refused to excuse him. This, defendant asserts, was

an abuse of discretion requiring reversal. We agree.

We will reverse the trial court's finding that a juror has the ability to render an impartial verdict or that a juror is biased or prejudiced where we find a clear abuse of discretion. *People v Johnson,* 103 Mich App 825, 830; 303 NW2d 908 (1981), *lv den* 417 Mich 962 (1983). A juror who expresses an opinion referring to some circumstance of the case which is not positive in character, but swears he can render an impartial verdict, may not be challenged for cause. *People v Jenkins,* 10 Mich App 257, 261; 159 NW2d 225 (1968), *lv den* 381 Mich 757 (1968), MCL 768.10; MSA 28.1033. The challenging party bears the burden of showing bias or prejudice. *Rice v Winkleman Bros Apparel, Inc,* 13 Mich App 281, 287; 164 NW2d 417 (1968), *lv den* 381 Mich 798 (1969). We are of the opinion that the burden has been met here, notwithstanding the trial judge's superior ability to evaluate the demeanor and credibility of a juror who asserts he can render a fair and impartial verdict. *Johnson, supra,* p 830.

The juror's bias against black people was aptly demonstrated. Twice he stated he did not care for black people. We recognize that he answered in the affirmative to the court's inquiries about whether he could serve fairly and impartially to both sides. However, he equivocated and gave qualified answers to other questions put to him by both the court and defense counsel about whether he would have problems believing the testimony of a black woman. It was only upon answering the trial court's carefully framed questions that the juror conceded he would try to take each witness at face value. We cannot say with certainty that his plainly stated bias was not diluted by the court's interrogation. As the indicia of the juror's

impartiality did not outweigh his stated bias, we find that the trial judge abused his discretion in declining to excuse the juror for cause. On this basis, we reverse and remand for a new trial.

## II

Defendant also argues that the trial court erred by not allowing him 20 peremptory challenges at the time of jury selection on the principal offense of prison escape, which is punishable by a term of not more than five years, because defendant had also been charged as an habitual offender, which carries a possible sentence of life in prison. Based upon our review of the record, we do not perceive any such error. Prior to trial on the principal offense, the trial judge informed defendant that he could choose to be tried by a different jury on the habitual offender charge. After defendant was found guilty on the principal offense, but before the jury was dismissed, defendant was presented with the option of having a jury trial on the habitual offender charge, either with the same jury or a new one. Defendant instead pled guilty and waived his right to a jury trial. Had he exercised his option to be tried by a jury on the habitual offender charge, defendant would have been entitled to 20 peremptory challenges at that time. *People v Van Auker,* 111 Mich App 478, 487; 314 NW2d 657 (1981), *rev'd on other grounds* 419 Mich 918 (1984). As the trial judge complied with his duty to allow defendant, if he chose, to be tried by a new jury and given 20 peremptory challenges at that time, *People v Helzer,* 404 Mich 410, 427; 273 NW2d 44 (1978), we find no error.

We also find no merit to defendant's challenge of the sufficiency of the information, which he asserts did not adequately inform him that the people

intended to claim that his violation of furlough was part of the charge against him. The information stated:

"[Defendant,] being a person imprisoned in a prison of the State of Michigan at the above location, [did] escape or leave the prison without being discharged by due process of law; contrary to MCLA 760.193;"

The language in the information tracked that contained in the prison escape statute, which is sufficient. *People v Mast,* 126 Mich App 658, 661-662; 337 NW2d 619 (1983), *(On Rehearing)* 128 Mich App 613; 341 NW2d 117 (1983). The information put defendant on notice that he was being charged with escape from prison without lawful discharge. It is not required that evidentiary facts in support of the charge be stated in the information. 42 CJS, Indictments and Informations, § 90, pp 957-960. Therefore, we affirm the trial judge's finding that the information was sufficient to inform defendant of the offense charged.

Defendant also claims that the trial judge erroneously allowed him to be prosecuted under the prison escape statute, when MCL 791.265a; MSA 28.2325(1) provides that the Department of Corrections can implement rules to deal with a prisoner's failure to return to a facility. We think that a plain reading of MCL 791.265a(3); MSA 28.2325(1)(3) indicates that the Legislature intended to allow the Department of Corrections to promulgate rules to address prison escape situations *and* intended that the state prosecute individuals who fail to remain within the extended limits of their confinement under the prison escape statute. *Cf., People v Bookmeyer,* 127 Mich App 69; 338 NW2d 557 (1983), *lv den* 419 Mich 854 (1984). As we conclude that both the state and the

Department of Corrections have joint authority to implement the prison escape statute, MCL 750.193; MSA 28.390, the trial court did not err in allowing the jury to hear testimony about defendant's furlough violation.

Next, we turn to defendant's claim of error based on the trial court's refusal to admit into evidence the testimony of Loretta Lowe that defendant told her on June 11, 1983, that he was "trying to find money". We find no abuse of discretion in the trial judge's ruling that the testimony was hearsay and that, even if it were not hearsay, it was irrelevant.

The statement was offered to prove that defendant was trying to find money, *i.e.,* "the truth of the matter asserted" under MRE 801(c). It was offered to buttress defendant's duress defense in which he wanted to show that he was so afraid another inmate might harm him that he did not want to return to the correction facility. Defense counsel admitted that he was trying to show that defendant was trying to find money. Further, the statement was not excepted by MRE 803(3), which allows a statement of a declarant's state of mind to be admitted where state of mind is an issue in the case. *People v White,* 401 Mich 482, 503; 257 NW2d 912 (1977). In the general form this statement was offered, it had no probative value as to defendant's state of mind and was properly excluded by the trial judge.

Defendant also argues that the statement could have been introduced as evidence of a prior consistent statement to rebut a charge of recent fabrication. As this claim was not properly raised at trial, we need not entertain it.

We also reject defendant's claim that the trial judge abused his discretion by allowing the people to introduce evidence of his prior convictions in

cross-examining a character witness who testified regarding defendant's good character. Defendant placed his general reputation at issue when he introduced the testimony of Michael Jensen, Food Service Director for the Riverside Corrections Faciltiy. Defense counsel admitted that he wanted to introduce general good character and reputation testimony about defendant. The people's subsequent cross-examination of this character witness about defendant's prior convictions was done to test the credibility of the character witness by ascertaining his good faith, information or accuracy. *People v Fields,* 93 Mich App 702, 707-708; 287 NW2d 325 (1979), *lv den* 408 Mich 945 (1980). This is equally true where the witness has been questioned as to other offenses allegedly committed by defendant, as here. *People v Rosa,* 268 Mich 462, 464; 256 NW 483 (1934). Additionally, any prejudice resulting from the people's questioning of the witness was cured by the trial judge's instruction to the jury that they were not to use evidence of defendant's prior convictions as substantive evidence, but rather should use it as evidence of his credibility as a witness.

Defendant also urges that the trial judge breached his obligation to be impartial when he raised defendant's furlough violation on June 10 to 11, 1983, as possible grounds for establishing a charge for prison escape, and by cautioning the jury with respect to the proper use of defendant's prior convictions. We find no error requiring reversal in the complained-of comments. We do not think that the comments unduly influenced the jury or deprived defendant of a fair trial. *People v Pawelczak,* 125 Mich App 231, 237-238; 336 NW2d 453 (1983). We realize that a judge is not authorized to usurp the attorney's role or to blatantly exhibit partiality. *People v Frank,* 31 Mich App

378, 380-381; 188 NW2d 95 (1971), *lv den* 386 Mich 755 (1971). But the court's comments about the furlough violation were made to clarify the testimony about the furlough violation, or were made in response to defendant's arguments that testimony about defendant's furlough restrictions was irrelevant. The comments did not usurp the role of either attorney. Nor did the judge excessively caution the jury about use of defendant's prior convictions. Therefore, we find that defendant was not prejudiced by these statements.

Defendant next argues that the trial judge improperly instructed the jury with respect to the factors to be considered in establishing a duress defense and on the instructions regarding the proper allocation of the burden of proof. We have reviewed the instructions in their entirety. *People v Seabrooks,* 135 Mich App 442, 452; 354 NW2d 374 (1984). The trial judge satisfactorily informed the jury of the elements of a duress defense as set forth in *People v Luther,* 394 Mich 619, 623; 232 NW2d 184 (1975). Although he deviated somewhat from CJI 7:5:02(3), his expansion of the jury instruction was fully consistent with the requirement of *Luther, supra.* We also find no merit to defendant's claim that the trial judge was required to follow the duress defense instruction immediately with the burden of proof instruction. The trial judge also complied with the requirement of *People v Field,* 28 Mich App 476, 478; 184 NW2d 551 (1970), and informed the jury that the people bore the burden to show that the elements of duress were not present. Therefore, reversal is not required.

Defendant also contends that the jury verdict form was unduly suggestive because it failed to include a reference to defendant's duress defense. This issue presents no grounds for reversal. The

jury was adequately instructed that if the jury found that the duress defense had been established, it should find defendant not guilty.[1] As the duress defense was properly given, we find no error.

Finally, defendant claims his prison sentence of from 15 to 50 years imprisonment constitutes cruel and unusual punishment, or, alternatively, shocks the conscience of this Court. We think the sentence was not cruel and unusual punishment, as it was within the statutory limits of the habitual offender statute, MCL 769.12; MSA 28.1084. *People v Banks,* 116 Mich App 446, 451; 323 NW2d 436 (1982). Nor do we agree that his sentence is shocking to our conscience under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). The court articulated its reasons for sentencing defendant according to *Coles,* considering the protection of society and the disciplining of the wrongdoer. Given that defendant could have been sentenced to life in prison, the sentence does not shock our conscience.

Reversed and remanded.

---

[1] It was also appropriate for the verdict form to include the option of finding defendant guilty of prison escape due to failure to remain at his mother's home according to the requirements of his furlough, since MCL 791.265a; MSA 28.2325(1) specifically states that such conduct shall be deemed to be an escape from custody as provided in MCL 750.193; MSA 28.390, the prison escape statute.